IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CARMEN A. BATISTA | : | |
| | : | |
| v. | : | Civil Action No. DKC 22-1973 |
| | : | |
| PENNSYLVANIA REAL ESTATE | : | |
| INVESTMENT TRUST, et al. | : | |

**MEMORANDUM OPINION**

Defendant TJX Companies, Inc. d/b/a Marshalls ("TJX") removed this action from the Circuit Court for Prince George's County, Maryland to this court on August 8, 2022, asserting diversity jurisdiction. (ECF No. 1). The Clerk issued notice of the court's Standing Order on October 7, 2022, which directs removing parties to respond to a series of questions in fourteen (14) days, including "whether any defendants who have been served are citizens of Maryland, and, for any entity that is not a corporation, the citizenship of all members." (ECF No. 11). The court also issued a paperless notice on October 7, 2022, in part requesting removing Defendant TJX to provide the names and states of citizenship of the members of Defendant PR Prince George's Plaza, LLC. (ECF No. 12). To date, the court has not received a response to the Standing Order or any filing that identifies the members and their states of citizenship.

The parties filed a joint status report on November 28, 2022, advising that a stipulation of dismissal would be filed dismissing TJX and requesting that the remainder of the case be remanded back to the Circuit Court for Prince George's County, Maryland.   (ECF No. 16).   The stipulation of dismissal was filed that same day. (ECF Nos. 17, 19).

On December 5, 2022, Plaintiff and Defendants Pennsylvania Real Estate Investment Trust and PR Prince Georges Plaza, LLC filed a joint motion to remand the case back to the Circuit Court for Prince George's County, Maryland.   (ECF No. 20).   The motion provides no reason why the court should remand the case.

Under 28 U.S.C. § 1441(a), a "civil action brought in a State court of which the district courts of the United States have original jurisdiction[] may be removed by the defendant or the defendants."   Federal district courts "have original jurisdiction of all civil actions where the matter in controversy exceeds . . . $75,000 . . . and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1).   Complete diversity of citizenship must exist to satisfy § 1332's diversity requirement.

The United States Supreme Court has held "that a district court may not remand a case to a state court on a ground not specified in the removal statute."   *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 355 (1988) (citing *Thermtron Prods., Inc. v.*

*Hermansdorfer*, 423 U.S. 336, 345 (1976)).  Indeed, "an agreement to remand between the parties constitutes 'a ground not specified in the removal statute.'"  *Mestas v. State Farm Mut. Auto. Ins. Co.*, No. EP-14-CA-00075-FM, 2014 WL 12874059, at *2 (W.D.Tex. Mar. 25, 2014); *see also Blake v. ACE Am. Ins. Co.*, No. 2:07-CV-00620, 2008 WL 687449, at *3 (S.D.W.Va. Mar. 11, 2008) ("I cannot remand a case simply because the parties have come to an understanding after removal.").

This case was removed based on diversity jurisdiction, and it was represented in the notice of removal that there is complete diversity of citizenship between the parties.  The court has no discretion to remand a case when diversity jurisdiction exists. *See Thermtron Prods., Inc.*, 423 U.S. at 345 n.9, *abrogated on other grounds by Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706 (1996) ("Lower federal courts have uniformly held that cases properly removed from state to federal court within the federal court's jurisdiction may not be remanded for discretionary reasons not authorized by the controlling statute.").  Because the parties have not identified the citizenships of the members of PR Prince Georges Plaza, LLC, this court has no way to determine if, contrary to previous representations, it lacks diversity jurisdiction.  If there is complete diversity and the parties still desire to avoid

federal court, they may consider stipulating to a dismissal of the case and refiling in state court.

Accordingly, the motion to remand will be denied without prejudice.  A separate order will follow.


                              _____/s/_____
                              DEBORAH K. CHASANOW
                              United States District Judge

4