```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND
```

|   |   |   |
|---|---|---|
| CARMEN A. BATISTA | : | |
| | : | |
| v. | : | Civil Action No. DKC 22-1973 |
| | : | |
| PENNSYLVANIA REAL ESTATE INVESTMENT TRUST, et al. | : | |

**MEMORANDUM OPINION**

Defendant TJX Companies, Inc. d/b/a Marshalls ("TJX") removed this action from the Circuit Court for Prince George's County, Maryland to this court on August 8, 2022, asserting diversity jurisdiction. (ECF No. 1). TJX, as removing party, was to respond to the court's Standing Order 2021-13, which includes the question "whether any defendants who have been served are citizens of Maryland, and, for any entity that is not a corporation, the citizenship of all members."

The court issued a paperless notice on October 7, 2022, in part requesting removing Defendant TJX to provide the member(s) and state(s) of citizenship of co-defendants. (ECF No. 12). Because the requested citizenship information was not provided, the court issued an Order on November 14 directing Plaintiff and TJX to file a complete status report in fourteen days. (ECF No. 16). The parties filed the court-ordered status report on November 28 agreeing to dismiss TJX and remand the remainder of

the case. (ECF No. 16). Notably, the parties failed to identify the members of co-defendants PR Prince George's Plaza, LLC and Pennsylvania Real Estate Investment Trust and their state(s) of citizenship. (ECF No. 16). A stipulation of dismissal as to TJX was filed the same date, but not approved. (ECF No. 19).

Defendant PR Prince George's Plaza, LLC ("PRPGP") filed a financial disclosure on February 28 advising that it was organized in Delaware and its principal office is in Pennsylvania. (ECF No. 26). Defendant Pennsylvania Real Estate Investment Trust ("PREIT") filed a financial disclosure the same date advising that it is a business trust established in Pennsylvania and has a principal office in Pennsylvania. (ECF No. 27). Neither PRPGP or PREIT disclosed their member(s) and state(s) of citizenship. An LLC's citizenship is based on the citizenship of all of its members. *Carden v. Arkoma Associates*, 494 U.S. 185 (1990); *Americold Realty Trust v. Conagra Foods, Inc.*, 577 U.S. 378 (2016).

In an effort to compel compliance, the court convened a status hearing on March 1, 2023. Dwayne Gaines appeared for Plaintiff and Samuel Lewis and Jo Anna Schmidt appeared for Defendants. Ms. Schmidt confirmed that Defendants wish to remain in this court and advised that she would discover who the partner(s) were and their state(s) of citizenship.

After the status hearing, the court sent correspondence to the parties advising that, for diversity purposes, a business trust such as PREIT, takes its citizenship from all its members. (ECF No. 35). Ms. Schmidt, on behalf of Defendants, filed a status report on March 2, confirming that PREIT is publicly traded with many shareholders and advising that she was awaiting a response to her request for the centrally stored list of shareholders. (ECF No. 36). When, by March 27, nothing further was filed, the court issued paperless correspondence requesting defense counsel to submit a status report. (ECF No. 38).

To date, no status report has been filed and neither PREIT nor PRPGP has identified its member(s) and their state(s) of citizenship. The court must satisfy itself of its own jurisdiction. Accordingly, because the removing Defendant bears the burden of showing subject matter jurisdiction in this court, it must show cause why this complaint should not be remanded to state court.

                                              /s/
                                   DEBORAH K. CHASANOW
                                   United States District Judge